**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER SPATARO, Individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNMENT EMPLOYERS INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY,<br><br>　　　　　　Defendants. | **Civil Action No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Christopher Spataro, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint (the "Complaint") against Defendants Government Employees Insurance Company, Geico Casualty Company, Geico Indemnity Company, Geico General Insurance Company (hereinafter collectively, "Defendant" or "Geico"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL") §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.　　Plaintiff brings this action under the FLSA on behalf of all Auto Damage Adjusters ("ADAs") and other individuals paid by the same compensation method holding comparable positions but different titles employed by Geico at its stores within the United States, excluding the State of California (the "Collective Action Class"). Geico violated the FLSA by

failing to pay ADAs for all hours worked, failing to pay ADAs overtime on a timely basis, and failing to pay ADAs the legally required amount of overtime compensation in an amount required by law for all hours worked over forty in a workweek. Plaintiff and the Collective Action Class are entitled to unpaid wages from Geico for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

2.      Plaintiff also brings this action under the NYLL pursuant to FED. R. CIV. P. 23 on behalf of all ADAs and other individuals paid by the same compensation method holding comparable positions but different titles employed by Geico at its stores within the State of New York (the "New York Class"). Geico violated the NYLL by failing to pay ADAs for all hours worked, failing to pay ADAs overtime on a timely basis, and failing to pay ADAs the legally required amount of overtime compensation in an amount required by law for all hours worked over forty in a workweek. Plaintiff and the New York Class are entitled to unpaid wages from Geico for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NYLL.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5.      This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same case or controversy.

6.     Upon information and belief, at least one member of the proposed Classes is a citizen of a state different from that of Defendant.

7.     Plaintiff's claims involve matters of national or interstate interest.

8.     Defendant is subject to personal jurisdiction in the State of New York.

9.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

11.    Plaintiff Christopher Spataro is an adult individual residing in Lindenhurst, New York, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. A copy of Plaintiff's consent is attached hereto as Exhibit A.

12.    Plaintiff was employed by Geico as an ADA in Woodbury, New York for approximately 8 1/2 years, from in or about 2004 until in or about 2012 at Defendants' facility located in Woodbury, New York.

13.    Upon information and belief, Defendants Government Employees Insurance Company, Geico Casualty Company, Geico Indemnity Company and Geico General Insurance Company are all related corporate entities with their principal places of business outside the State, particularly in Fairfax, Virginia, Chevy Chase, Maryland and/or Washington, D.C.

14.    Defendants jointly employed Plaintiffs within the meaning of the FLSA and NYLL.

15.    Defendants are each covered employers within the meaning of the FLSA and NYLL.

16.     Defendants had annual premium volume revenues in excess of $16 billion for all relevant periods herein.

## PLAINTIFFS' WAGE AND HOUR FACTUAL ALLEGATIONS

17.     Plaintiff worked for Defendants as an ADA within the FLSA and NYLL statutory periods.

18.     The tasks that Plaintiff regularly performed as an ADA include but are not limited to:

   a.   Providing customer service and handling multiple case files;

   b.   Inspecting and assessing vehicle damage ranging from mild vehicular accidents to major accidents and acts of nature;

   c.   Interacting directly with customers in-shop or as a field adjuster; and

   d.   Estimating the cost of vehicle repairs, negotiating equitable settlements and issue payments.

19.     Consistent with Geico's policy, pattern and practice, Plaintiff and others similarly situated regularly worked in excess of 40 hours per workweek without receiving the legally required amount of overtime wages.

20.     Defendants were or should have been aware that federal and New York law required them to pay ADAs an overtime wage of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

21.     Defendants maintained a uniform policy, pattern and practice of willfully failing to pay Plaintiff and other individuals in the same or comparable positions for all hours worked, and also did not pay them the legally required amount of overtime compensation in an amount required by law and on a timely basis in violation of the FLSA and the NYLL.

4

22.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to the Plaintiffs. This policy, pattern, and/or practice including, but it is not limited to willfully failing to pay Plaintiffs overtime wages of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

23.     All actions and omissions described in this Complaint were made by Geico directly or through its supervisory employees and agents.

24.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and NYLL.

25.     Defendants' failure to comply with the FLSA and NYLL was willful and caused Plaintiff and the Collective Action Class members to suffer lost wages and interest thereon.

26.     Defendants' unlawful conduct has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Class, as defined above.

28.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

29.     Plaintiff and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into

common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

30.     Specifically, Geico failed to pay the members of the Collective Action Class the legally required amount of overtime compensation of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the FLSA and the regulations promulgated thereunder, including 29 C.F.R. § 778.114.

31.     Geico violated the FLSA and the regulations promulgated thereunder, including 29 C.F.R. § 778.114, because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying premium payments in addition to the weekly salaries of Plaintiff and the Collective Action Class, (2) failed to provide Plaintiff and the Collective Action Class with a clear, mutual understanding that Geico will pay the employee a fixed salary regardless of the number of hours worked, and (3) failed to pay Plaintiff and the Collective Action Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week.

32.     As a result of the foregoing, members of the Collective Action Class were not eligible to be compensated under the formulas set forth in 29 C.F.R. § 778.114, but were paid for hours worked, including hours worked over forty during the workweek, at a "premium payment" rate which was less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, thereby violating the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a) and 29 C.F.R. § 778.114.

33.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many ADAs throughout the United States who are compensated pursuant to Geico's common policy regarding overtime compensation. These similarly situated employees may be readily notified of this action through

direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff sues on his own behalf and on behalf of the New York Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

35.    Geico failed to pay the members of the Collective Action Class the legally required amount of overtime compensation of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the NYLL and regulations promulgated thereunder.

36.    Geico violated the NYLL and the regulations promulgated thereunder, including, by adoption, 29 C.F.R. § 778.114 because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying premium  payments in addition to the weekly salaries of Plaintiff and the Collective Action Class, (2) failed to provide Plaintiff and the Collective Action Class with a clear, mutual understanding that Geico will pay the employee a fixed salary regardless of the number of hours worked, and (3) failed to pay Plaintiff and the Collective Action Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week.

37.    As a result of the foregoing, members of the Collective Action Class were paid for hours worked, including hours worked over forty during the workweek, at a "premium payment" rate which was less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek,, thereby violating the NYLL and the regulations promulgated thereunder, by adoption.

38.     The New York Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 100 members of the New York Class.

39.     There are questions of law and fact common to the members of the New York Class that predominate over any questions solely affecting the individual members of the New York Class, including, without limitation:

a.  Whether Geico employed Plaintiff and the New York Class members within the meaning of the NYLL;

b.  What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c.  Whether Geico failed to pay Plaintiff and the New York Class members for all of the hours they worked;

d.  Whether Geico failed to pay Plaintiff and the New York Class members overtime wages of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek;

e.  Whether Geico violated the NYLL and the regulations promulgated thereunder, including, by adoption, 29 C.F.R. § 778.114 because it (1) failed to pay a fixed salary regardless of the number of hours worked by paying premium payments in addition to the weekly salaries of Plaintiff and the Collective Action Class, (2) failed to provide Plaintiff and the Collective Action Class with a clear, mutual understanding that Geico will pay the employee a fixed salary regardless of the number of hours worked, and (3) failed to pay Plaintiff and the

Collective Action Class a fifty percent (50%) overtime premium in addition to the full fixed weekly salary for all hours worked in excess of forty (40) during the week;

f.   Whether Geico failed to pay Plaintiff and the New York Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder including, by adoption, 29 C.F.R. § 778.114;

g.   Whether Geico is liable for all damages claimed by Plaintiff and the New York Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

h.   Whether Geico should be enjoined from continuing to violate the NYLL in the future.

40.   Plaintiff's claims are typical of the claims of the members of the New York Class. Plaintiff has the same interests in this matter as all other members of the New York Class.

41.   Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

42.   Class certification of Plaintiff's NYLL claim is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Geico has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the New York Class are entitled to injunctive relief to end Geico's common and uniform policy and practice of denying the New York Class the wages to which they are entitled.

43.     Class certification of Plaintiff's NYLL claim is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

44.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

45.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

46.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Class members within the meaning of the FLSA.

48.     At all relevant times, Defendant has had annual premium volume revenues in excess of $16 billion.

49.     At all relevant times, Defendant had a policy and practice of willfully refusing to pay its ADAs and all Collective Action Class members the legally required amount of overtime compensation of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as failed to pay them overtime compensation on a timely basis in violation of the FLSA.

50.     As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and

continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a) and 29 C.F.R. § 778.114.

51.     Defendant has failed to make, keep and preserve records with respect to Plaintiff and the Collective Action Class members sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52.     Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

53.     Due to Defendant's FLSA violations, Plaintiff and the Collective Action Class members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK WAGE AND HOUR LAW

54.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

55.     At all relevant times, Plaintiff and the New York Class members were employed by Defendant within the meaning of the NYLL.

56.     Defendant willfully violated Plaintiff's rights and the rights of the New York Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of forty in a workweek in violation of the NYLL and its regulations.

57.     Defendant's NYLL violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

58.     Due to Defendant's NYLL violations, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NYLL § 34:11-56a25.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statue of limitations;

b.     Certification of the New York Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the New York Class;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.     An injunction requiring Geico to cease its unlawful practices under, and comply with, the NYLL;

   e. An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the NYLL;

   f. An award of liquidated and/or punitive damages as a result of Geico's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

   g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

   h. An award of prejudgment and post-judgment interest;

   i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   j. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.


Dated: September 9, 2013


        **LOCKS LAW FIRM PLLC**


        Andrew P. Bell (AB-1309)
        747 Third Avenue, 37th Floor
        New York, New York 10017
        (212) 838-3333
        Email: abell@lockslaw.com

        *Attorneys for Plaintiff*