```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER SPATARO, individually
and on behalf of all others
similarly situated,

                        Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           13-CV-5020(JS)(ARL)

GOVERNMENT EMPLOYERS INSURANCE COMPANY,
GEICO CASUALTY COMPANY, GEICO INDEMNITY
COMPANY, and GEICO GENERAL INSURANCE
COMPANY,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Andrew Bell, Esq.
                    Locks Law Firm PLLC
                    747 Third Avenue, 37th Floor
                    New York, NY 10017

For Defendants:     Barry I. Levy, Esq.
                    Scott Green, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556
```

SEYBERT, District Judge:

Plaintiff Christopher Spataro ("Plaintiff") commenced this putative class and collective action on September 9, 2013 against Defendants Government Employers Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company (collectively, "GEICO"), alleging that GEICO failed to pay its automobile damage adjusters overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") § 650 et

seq. GEICO has moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, GEICO's motion to dismiss is GRANTED and the Amended Complaint is DISMISSED WITHOUT PREJUDICE and with leave to replead.

BACKGROUND[1]

Plaintiff is a resident of Lindenhurst, New York. (Am. Compl., Docket Entry 14, ¶ 11.) Between 2007 and 2012, Plaintiff worked for GEICO as an automobile damage adjuster. (Am. Compl. ¶ 16.) In this action, Plaintiff claims that he and other adjusters who worked for GEICO received less overtime than they were legally entitled to under the FLSA and the NYLL as a result of GEICO's method of compensating its adjusters.

According to the Amended Complaint, GEICO's adjusters were scheduled to work a five-day, 38.75-hour workweek. (Am. Compl. ¶¶ 20, 22, 31.) For hours worked in excess of the normal 38.75-hour workweek, the adjusters received two forms of "overtime" pay, which depended on the type of work performed. (Am. Compl. ¶¶ 25-32.) <u>First</u>, the adjusters received "premium pay" for time spent working on "supplementals to [ ] regularly scheduled inspections." (Am. Compl. ¶ 29.) <u>Second</u>, the

---

[1] The following facts are taken from the Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

adjusters received "regular overtime" for time spent working on "extra inspections." (Am. Compl. ¶ 30.)

Plaintiff regularly worked approximately fifty hours per week during the six years that he was an adjuster. (Am. Compl. ¶ 23.) Of those fifty hours, he worked 38.75 hours of regular, non-overtime work; 1.25 hours of "premium pay" work; and ten hours of "regular overtime" work. (Am. Compl. ¶ 31.) He received a weekly salary of $966,[2] which Plaintiff alleges applied only to the first 38.75 hours of GEICO's normal workweek at a regular hourly rate of $25.70. (Am. Compl. ¶ 32.) For each hour of "regular overtime," he received time and one-half of his regular hourly rate. (Am. Compl. ¶ 26.) For an hour of "premium pay" work, he received only one-half of a different hourly rate, which was calculated by dividing Plaintiff's weekly salary by the total number of hours he actually worked in that particular week. (Am. Compl. ¶¶ 27, 33.) Thus, for one hour of "premium pay" work, Plaintiff received only $9.96 (<u>i.e.</u>, one-half of $996/50 hours). (Am. Compl. ¶ 33.)

---

[2] Plaintiff calculates this amount by dividing his yearly earnings of $50,222 by fifty-two weeks. (Am. Compl. ¶ 32.) Later in the Amended Complaint, Plaintiff incorrectly refers to his weekly salary as $996 and uses that number to calculate his regular hourly rate. (Am. Compl. ¶ 33.) For the purposes of this Order, the Court will assume Plaintiff's weekly salary was $996, since Plaintiff uses this number in subsequent calculations relevant to the current motion.

3

Plaintiff claims that GEICO "purportedly" calculated the "premium pay" rate according to the "fluctuating workweek" ("FWW") method of calculating overtime, but that GEICO did not meet the criteria for using the FWW method. (Am. Compl. ¶¶ 27, 33.) Plaintiff therefore contends that GEICO was required to pay him time and one-half for the 1.25 hours of time he spent on "premium pay" work and its failure to do so violated the FLSA and the NYLL. (Am. Compl. ¶¶ 31-36.) Plaintiff additionally alleges that GEICO "discourage[d] employees from reporting all premium time and pressured them to work off-the-clock" and Plaintiff and members of the purported class therefore underreported time spent on "premium pay" work. (Am. Compl. ¶ 37.)

GEICO has moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 16.) This motion is currently pending before the Court.

DISCUSSION

The Court will first address the applicable legal standard before turning to GEICO's motion more specifically.

I. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662,

4

678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. GEICO's Motion

GEICO argues that the Amended Complaint should be dismissed because the allegations of the Amended Complaint actually establish that GEICO properly used the FWW method to compensate Plaintiff for time spent on "premium pay" work. (See GEICO's Br., Docket Entry 17, at 5 (stating that the Amended Complaint "alleges no facts that would suggest GEICO improperly used the fluctuating workweek method of computing overtime").) GEICO also argues that Plaintiff has failed to state a plausible claim that it discouraged Plaintiff and other adjusters from reporting "premium pay" time. (GEICO's Br. at 7.) The Court will address each argument in turn.

5

Under the FLSA, employers must pay their employees at least the governing minimum wage, 29 U.S.C. § 206, and overtime wages at a rate of time and one-half the regular hourly rate for any hours worked in excess of forty hours per week, id. § 207. However, an employee who works a "fluctuating workweek" may be paid at a rate of half of his hourly rate for overtime based on the theory that his weekly salary covers any number of hours worked in a particular week. Often referred to as "half-time," the FWW method was first recognized by the Supreme Court in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942) and later codified in the federal labor regulations, 29 C.F.R. § 778.114. For the FWW method to apply, the employer must meet the following criteria:

(1) the employee's hours must fluctuate from week to week;

(2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours worked during that week;

(3) the fixed amount must be sufficient to compensate the employee at a regular rate that is not less than the legal minimum wage;

(4) the employer and the employee must have a "clear mutual understanding" that the employer will pay the employee the fixed weekly salary regardless of hours worked; and

(5) the employee must receive 50 % overtime premium in addition to the fixed weekly

6

>     salary for all hours worked in excess
>     of 40 during that week.

Seraphin v. TomKats, Inc., No. 11-CV-4382, 2013 WL 940914, at *3 (E.D.N.Y. Mar. 11, 2013) (citing 29 C.F.R. § 778.114).

The FWW method is used to calculate overtime "where the number of hours worked fluctuates each week while the weekly salary remains constant." Id. Take for example an employee paid $500 per week for however many hours worked per week. Under the FWW method, that employee may work fifty hours one week and thirty hours the next, but his weekly salary remains the same. His hourly rate therefore increases in the thirty-hour week and decreases in the fifty-hour week. The employee is only paid half (as opposed to time and one-half) of his hourly rate for hours in excess of forty hours per week, which is justified by the possibility of a higher hourly rate in weeks where the employee works below forty hours per week. See Heder v. City of Two Rivers, Wis., 295 F.3d 777, 779 (7th Cir. 2002). Mathematically, in the thirty-hour week, the employee who is paid $500 per week would receive an hourly rate of $16.67 ($500/30 hours) for all hours worked. In contrast, in the fifty-hour week, the employee would receive a straight-time payment of $10 for each hour worked ($500/50 hours). However, since the employee has already received a straight-time payment for all hours worked, only an additional half-time payment of $5

7

is required for the overtime hours (i.e., hours worked in excess of forty).  See 29 C.F.R. 778.114(b).

The parties spend a great deal of time arguing over whether GEICO met the criteria for using the FWW method to calculate Plaintiff's overtime compensation for the 1.25 hours Plaintiff spent performing "premium pay" work each week.  However, neither party identifies the dispositive issue here.  GEICO argues that the allegations of the Amended Complaint demonstrate that it was properly using the FWW method to calculate Plaintiff's "premium pay" and the Amended Complaint should therefore be dismissed.  However, as noted above, an employer may use the FWW method to calculate overtime only where the employer and the employee have a "clear mutual understanding" that the employer will pay the employee a fixed weekly salary for all hours worked regardless of the actual amount worked.  Here, by contrast, Plaintiff alleges that he received a fixed weekly salary that covered only the regular 38.75-hour workweek and, after that, he received additional overtime compensation.  Additionally, the FWW method may be used only where the employee's hours actually fluctuate above and below the normal forty-hour workweek.  Here, however, Plaintiff alleges that he regularly worked fifty hours per week.  (Am. Compl. ¶ 38.)  Thus, contrary to GEICO's argument, the

8

allegations of the Amended Complaint do not establish that GEICO properly used the FWW method.

In any event, Plaintiff fails to state a claim that GEICO failed to pay him the proper amount for <u>overtime</u>, <u>i.e.</u>, hours worked in excess of forty hours per week. Plaintiff argues that, because GEICO does not meet the criteria for using the FWW method, he is entitled to time and one-half for the 1.25 hours "premium pay" work. However, Plaintiff does not allege that he performed any "premium pay" work in excess of forty hours per week. In fact, in his opposition brief, Plaintiff refers to the 1.25 hours of "premium pay" work as "regular time (<u>i.e.</u>, less than 40)." (Pl.'s Opp. Br., Docket Entry 18, at 7-8.) Plaintiff further alleges that he received time and one-half for the ten hours spent on "regular overtime" work. As noted, the FLSA requires employers to pay their employees at the governing minimum wage and overtime wages, at a rate of time and one-half the regular hourly rate, for any hours worked in excess of forty hours per week. Plaintiff pleads no facts that suggest that GEICO failed to pay Plaintiff the proper amount of <u>overtime</u> pay. In fact, the Amended Complaint alleges that GEICO paid Plaintiff time and one-half for the ten hours worked in excess of forty. Plaintiff's complaint seems to be that he was not paid the proper amount for time worked after 38.75 but before

9

forty hours. This does not state a claim that GEICO failed to pay proper overtime.[3]

In addition, the Court finds that Plaintiff fails to state a plausible claim that GEICO discouraged him and other adjusters from reporting overtime. The Amended Complaint provides no facts to support this allegation, such as an estimate of hours Plaintiff failed to report or who allegedly discouraged adjusters from reporting overtime. Thus, Plaintiff fails to state a plausible claim in this regard. See Dejesus v. HF Mgmt. Servs. LLC, No. 12-CV-1298, 2012 WL 5289571, at *1 (E.D.N.Y. Oct. 23, 2012) ("To survive a motion to dismiss, the [Complaint] must also approximate the number of overtime hours worked per week in excess of forty for which the [ ] Plaintiffs did not receive overtime pay." (alterations in original) (citation omitted)). Thus, having failed to state a plausible

---

[3] Plaintiff's overtime claim under the NYLL does not raise any separate issues. Thus, because the NYLL is "nearly identical to [the] FLSA" for the purposes of the claims asserted here, the preceding analysis applies equally to Plaintiff's overtime claim under the NYLL. See Stein v. Guardsmark, LLC, No. 12-CV-4739, 2013 WL 3809463, at *12 n.6 (S.D.N.Y. July 23, 2013). In his opposition brief, Plaintiff claims that he "has a separate gap-time claim for the difference in between" the hourly rate he received for the 38.75 hours of "regular times" worked and the 1.25 hours of work for which he was paid at a rate of $9.96. (Pl.'s Opp. Br. at 8.) However, the Amended Complaint asserts only a claim for overtime pay. It does not allege a "gap-time" claim and a pleading "cannot be modified . . . by papers filed in response to a dispositive motion to dismiss . . . ." Caple v. Parman Mortg. Assocs. L.P., No. 11-CV-3268, 2012 WL 4511445, at *4 (E.D.N.Y. Oct. 1, 2012) (second ellipsis in original) (citation omitted).

10

claim for overtime under the FLSA and the NYLL, Plaintiff's Amended Complaint is DISMISSED.

III. GEICO's Motion

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, the Court finds that Plaintiff should be given one opportunity to cure the deficiencies of the Amended Complaint identified in this Order.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, GEICO's motion to dismiss is GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and with leave to replead.  If Plaintiff wishes to replead, he must do so within thirty (30) days of the date of this Memorandum and Order.  If he fails to do so, the entire action will be dismissed with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August __6__, 2014
         Central Islip, New York