```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER SPATARO, individually
and on behalf of all others
similarly situated,

                    Plaintiff,
                                              MEMORANDUM & ORDER
        -against-                             13-CV-5020(JS)(ARL)

GOVERNMENT EMPLOYERS INSURANCE COMPANY,
GEICO CASUALTY COMPANY, GEICO INDEMNITY
COMPANY, and GEICO GENERAL INSURANCE
COMPANY,

                    Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiff:      Andrew Bell, Esq.
                    Locks Law Firm PLLC
                    747 Third Avenue, 37th Floor
                    New York, NY 10017

For Defendants:     Barry I. Levy, Esq.
                    Scott Green, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556

                    Eric Hemmendinger, Esq.
                    Shawe & Rosenthal LLP
                    20 S Charles Street, Suite 1102
                    Baltimore, MD 21201

SEYBERT, District Judge:

Plaintiff Christopher Spataro ("Plaintiff") commenced this putative class and collective action against Defendants Government Employers Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company (collectively, "GEICO"), alleging that GEICO failed to pay its

automobile damage adjusters overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") § 650 et seq. Currently pending before the Court is GEICO's motion to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 22.) For the following reasons, GEICO's motion to dismiss is GRANTED IN PART and DENIED IN PART.

BACKGROUND

The Court presumes general familiarity with the factual background of this case, which is set forth in the Court's August 6, 2014 Memorandum and Order dismissing Plaintiff's Amended Complaint with leave to replead (the "2014 Dismissal Order"). Spataro v. Gov't Emp'rs Ins. Co., No. 13-CV-5020, 2014 WL 3890222 (E.D.N.Y. Aug. 6, 2014).

Between 2007 and 2012, Plaintiff worked for GEICO as an automobile damage adjuster. (Second Am. Compl. ("SAC"), Docket Entry 21, ¶ 16.) In this action, Plaintiff claims that he and other adjusters who worked for GEICO received less overtime than they were legally entitled to under the FLSA and the NYLL as a result of GEICO's method of compensating its adjusters.

Plaintiff commenced this action on September 9, 2013. In the Amended Complaint, which the Court dismissed in its 2014 Dismissal Order, Plaintiff alleged that GEICO's adjusters were scheduled to work a five-day, 38.75-hour workweek. (Am. Compl.,

2

Docket Entry 14, ¶ 31.)  For hours worked in excess of the normal 38.75-hour workweek, the adjusters allegedly received two forms of "overtime" pay, which depended on the type of work performed.  (Am. Compl. ¶¶ 25-32.)  <u>First</u>, the adjusters received "premium pay" for time spent working on "supplementals to [ ] regularly scheduled inspections."  (Am. Compl. ¶ 29.)  <u>Second</u>, the adjusters received "regular overtime" for time spent working on "extra inspections."  (Am. Compl. ¶ 30.)

Plaintiff alleged that he regularly worked approximately fifty hours per week during the six years that he was an adjuster.  (Am. Compl. ¶ 23.)  Of those fifty hours, he worked 38.75 hours of regular, non-overtime work; 1.25 hours of "premium pay" work; and ten hours of "regular overtime" work.  (Am. Compl. ¶ 31.)  He received a weekly salary of $966, which Plaintiff alleged applied only to the first 38.75 hours of GEICO's normal workweek at a regular hourly rate of $25.70.  (Am. Compl. ¶ 32.)  For each hour of "regular overtime," he received time and one-half of his regular hourly rate.  (Am. Compl. ¶ 26.)  For an hour of "premium pay" work, he received only one-half of a different hourly rate, which was calculated by dividing Plaintiff's weekly salary by the total number of hours he actually worked in that particular week.  (Am. Compl. ¶¶ 27, 33.)  Thus, for one hour of "premium pay" work, Plaintiff received only $9.96 (<u>i.e.</u>, one-half of $996/50 hours). (Am. Compl. ¶ 33.)

Plaintiff claimed that GEICO "purportedly" calculated the "premium pay" rate according to the "fluctuating workweek" ("FWW") method of calculating overtime, but that GEICO did not meet the criteria for using the FWW method. (Am. Compl. ¶¶ 27, 33.) As explained in the 2014 Dismissal Order, generally speaking, under the FLSA, employers must pay their employees at least the governing minimum wage, 29 U.S.C. § 206, and overtime wages at a rate of time and one-half the regular hourly rate for any hours worked in excess of forty hours per week, 29 U.S.C. § 207. However, an employee who works a "fluctuating workweek" may be paid at a rate of half of his hourly rate for overtime based on the theory that his weekly salary covers any number of hours worked in a particular week. Often referred to as "half-time," the FWW method was first recognized by the Supreme Court in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942) and later codified in the federal labor regulations, 29 C.F.R. § 778.114. For the FWW method to apply, the employer must meet the following criteria:

> (1) the employee's hours must fluctuate from week to week;
>
> (2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours worked during that week;
>
> (3) the fixed amount must be sufficient to compensate the employee at a regular rate

>     that is not less than the legal minimum
>     wage;
>
> (4) the employer and the employee must have
>     a 'clear mutual understanding' that the
>     employer will pay the employee the fixed
>     weekly salary regardless of hours worked;
>     and
>
> (5) the employee must receive 50 % overtime
>     premium in addition to the fixed weekly
>     salary for all hours worked in excess of
>     40 during that week.

Seraphin v. TomKats, Inc., No. 11-CV-4382, 2013 WL 940914, at *3 (E.D.N.Y. Mar. 11, 2013) (citing 29 C.F.R. § 778.114). In the Amended Complaint, Plaintiff alleged that GEICO failed to meet the FWW method because the parties never had a clear mutual understanding that his fixed salary was compensation for all hours worked in any given week. (Am. Compl. ¶ 38.)

On January 17, 2014, GEICO moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which as noted above, the Court granted on August 6, 2014. In its first motion to dismiss, GEICO argued that the Amended Complaint should be dismissed because the allegations of the Amended Complaint actually established that GEICO properly used the FWW method to compensate Plaintiff for time spent on "premium pay" work. (See GEICO's First Br., Docket Entry 17, at 5 (stating that the Amended Complaint "alleges no facts that would suggest GEICO improperly used the fluctuating workweek method of computing overtime").) GEICO also argued that

5

Plaintiff failed to state a plausible claim that it discouraged Plaintiff and other adjusters from reporting "premium pay" time. (GEICO's First Br. at 7.)

In the 2014 Dismissal Order, the Court disagreed with GEICO's contention that the Amended Complaint established that GEICO properly used the FWW method to compensate Plaintiff for time spent on "premium pay" work. Specifically, the Court noted that the Amended Complaint alleged that Plaintiff did not have an understanding that his fixed salary was compensation for all hours worked in any given week. Spataro, 2014 WL 3890222, at *3. Nonetheless, the Court dismissed Plaintiff's overtime claim because it failed to state a claim that GEICO failed to pay him the proper amount for overtime, i.e., hours worked in excess of forty hours per week. Id. at *4. In particular, the Amended Complaint never alleged that Plaintiff performed any "premium pay" work in excess of forty hours per week and, in his opposition brief to GEICO's first motion to dismiss, Plaintiff referred to the 1.25 hours of "premium pay" work as "regular time (i.e., less than 40)." Id. (quoting Pl.'s First Opp. Br., Docket Entry 18, at 7-8). Additionally, the Court found that Plaintiff failed to state a plausible claim that GEICO discouraged him and other adjusters from reporting overtime because the Amended Complaint proffered no facts to support that allegation. Id. However, the Court granted

Plaintiff leave to file a second amended complaint to fix the deficiencies noted in the Court's 2014 Dismissal Order.  Id.[1]

Plaintiff filed his Second Amended Complaint on September 5, 2014.  (Docket Entry 21.)  The allegations of the Second Amended Complaint mirror those of the Amended Complaint.  However, this time, Plaintiff alleges that he regularly performed approximately two hours of "premium pay" work in excess of forty hours per week, for which he did not receive time and one-half of his regular hourly rate.  (SAC ¶ 42.)  The Second Amended Complaint also supplies additional facts in support of Plaintiff's claim that GEICO discouraged him and other adjusters from reporting overtime.  (SAC ¶¶ 33-35.)

GEICO now moves to dismiss the Second Amended Complaint.  (Docket Entry 22.)  This motion is fully brief and is currently pending before the Court.

DISCUSSION

The Court will first address the applicable legal standard before turning to GEICO's motion more specifically.

---

[1] The Court further held that Plaintiff's overtime claim under the NYLL did not raise any separate issues because "the NYLL is 'nearly identical to [the] FLSA' for the purposes of Plaintiff's overtime claim.  Spataro, 2014 WL 3890222, at *4 n.3 (quoting Stein v. Guardsmark, LLC, No. 12-CV-4739, 2013 WL 3809463, at *12 n. 6 (S.D.N.Y. July 23, 2013)).

I. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. GEICO's Motion

A. Overtime Claims

GEICO again argues that Plaintiff's overtime claims should be dismissed because GEICO properly paid Plaintiff overtime under the FWW method for calculating overtime.[2] (GEICO's Second Br., Docket Entry 23, at 4-7.) GEICO's motion is rejected for the

---

[2] This time, GEICO does not move to dismiss Plaintiff's allegation that he was forced to perform off-the-clock work.

8

same reason stated in the 2014 Dismissal Order. As noted, for the FWW method to apply, "the employer and the employee must have a 'clear mutual understanding' that the employer will pay the employee the fixed weekly salary regardless of hours worked," among other requirements. Seraphin, 2013 WL 940914, at *3 (citing 29 C.F.R. § 778.114). As he alleged in the Amended Complaint, Plaintiff again alleges that he never had an understanding that his fixed salary applied to all hours worked in any given week. (SAC ¶ 48.) Thus, the Second Amended Complaint adequately alleges that GEICO improperly applied the FWW method.

GEICO artfully contends that a mutual understanding that Plaintiff's fixed salary applied to all hours worked in any given week is evidenced by the fact that Plaintiff continued to accept his weekly salary for all hours worked. (See GEICO's Second Br. at 5-6.) In support, GEICO points to a 2009 Department of Labor opinion letter stating that "'[w]here an employee continues to work and accept payment of a salary for all hours of work, her acceptance of payment of the salary will validate the fluctuating workweek method of compensation as to her employment.'" (GEICO's Second Br. at 5 (citing Opinion Letter, 2009 WL 648995 (January 14, 2009)).) The Court does not disagree with GEICO's interpretation of the law. However, again, Plaintiff specifically pleaded that he did not understand his salary to be compensation for all hours of work in any given week. To the extent there are questions as

9

to whether Plaintiff did or did not accept his salary for all hours of work, such questions are not appropriate for resolution at the motion to dismiss stage. Since the Second Amended Complaint does not reveal that Plaintiff and GEICO had a clear mutual understanding regarding his salary, GEICO's motion to dismiss Plaintiff's overtime claims under the FLSA and the NYLL is DENIED.

B. NYLL Gap-time Claim

In opposing GEICO's first motion to dismiss the Amended Complaint, Plaintiff claimed that he "'ha[d] a separate gaptime claim [under the NYLL] for the difference in between' the hourly rate he received for the 38.75 hours of 'regular time' worked and the 1.25 hours of work for which he was paid at a rate of $9.96." Spataro, 2014 WL 3890222, at *4 n.3 (quoting Pl.'s First Opp. Br. at 8). In the 2014 Dismissal Order, however, the Court noted that the Amended Complaint only asserted unpaid overtime claims and that Plaintiff could not amend his pleading to assert a gap-time claim "'by papers filed in response to a dispositive motion to dismiss.'" Id. (quoting Caple v. Parman Mortg. Assocs. L.P., No. 11-CV-3268, 2012 WL 4511445, at *4 (E.D.N.Y. Oct. 1, 2012)). In his opposition brief to the instant motion to dismiss, Plaintiff again claims that he has a "supplemental claim" under the NYLL for gap-time pay, (Pl.'s Second Opp. Br., Docket Entry 26, at 12), but such a claim is nowhere to be found in the Second Amended Complaint. In fact, the only cause of action under the NYLL states

10

that GEICO failed to pay "the legally required amount of overtime compensation." (SAC ¶ 88.) A gap-time claim is different, however: "A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." <u>Lundy v. Catholic Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 115 (2d Cir. 2013). Accordingly, since the Second Amended Complaint does not assert a gap-time claim, GEICO's motion to dismiss is GRANTED insofar as it seeks dismissal of a gap-time claim. Because the Court previously notified Plaintiff that a gap-time claim was not asserted in the Amended Complaint, the Court will not grant Plaintiff leave to replead this claim for a second time.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, GEICO's motion to dismiss the Second Amended Complaint (Docket Entry 22) is GRANTED IN PART and DENIED IN PART. GEICO's motion to dismiss is DENIED insofar as it seeks dismissal of Plaintiff's overtime claims. It is GRANTED insofar as it seeks dismissal of Plaintiff's gap-time claim under the NYLL.

SO ORDERED.

/s/ JOANNA SEYBERT          S
Joanna Seybert, U.S.D.J.

Dated:   September  22 , 2015
         Central Islip, New York