UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER SPATARO, individually and
on behalf of all others similarly situated,

                              Plaintiffs,                  **REPORT AND**
                                                           **RECOMMENDATION**
                                                           CV 13-5020 (JS)(ARL)
      -against-

GOVERNMENT EMPLOYERS INSURANCE
COMPANY, et al.,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Seybert, is the parties' joint motion for judicial approval of their settlement agreement. For the reasons stated below, the Court recommends that the motion be denied with leave to renew.

## BACKGROUND

The plaintiff, Christopher Spataro ("Spataro"), commenced this action on September 9, 2013, against the defendants, Government Employers Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company (collectively "GEICO"), seeking relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the New York Labor Law ("NYLL") §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations. Spataro worked for GEICO as an auto damage adjuster from 2007 to 2012 at GEICO's Woodbury, New York facility.[1] Second Am. Compl., ¶¶ 1, 16. Spataro alleges that he and other auto damage adjusters received less overtime than they were legally entitled to because GEICO utilizes a "fluctuating workweek" or "half-time method" to

---

[1]Prior to being employed as an auto damage adjuster, Spataro was employed for three years as a claims examiner. Second Am. Compl., ¶ 17.

compute its adjusters' overtime pay.[2]  Specifically, Spataro contends that although he worked in excess of the standard GEICO 38.75-hour workweek, he received two forms of "overtime" pay depending on the type of work he performed.  Second Am. Compl. ¶¶ 25-32.  He received "regular overtime" pay when he performed extra inspections.  *Id.,* ¶ 27.  However, he was paid "premium pay," instead of overtime pay, whenever he performed "supplemental" or additional work that had to be done or in situations where additional time was needed to finish regularly scheduled inspections.  *Id.,* ¶¶ 29-31.  Moreover, Spataro alleges that he and the other adjusters were discouraged from reporting premium hours because it was believed that premium hours reflected an employees' inefficiency.  *Id.,* ¶33.

Spataro claims that during the six years he worked as an adjuster, he often worked 50 hours a week and was paid as follows: 38.75 hours at his regular rate of pay, approximately 3 hours per week at a "premium pay" rate, 7 hours at a regular overtime rate, and 1 hour "off-the-clock."  *Id.,* ¶¶ 35-6.  He received a weekly salary of $966 based on his 38.75 hours of work at a rate of $24.93.  *Id.,* ¶ 37.  For the additional 2.5 - 3.25 hours he performed premium work, he was paid at the rate of $9.66/hr ( ½ x ($966 / 50 hours)).  *Id.,* ¶ 38.  For his 7 hours of "regular overtime," Spataro would be paid one-and-a-half times his "base hourly rate" or $37.40 per hour ($24.93/hr. x 1.5 x 7 hours).  Finally, Spataro alleges in the complaint that he was not paid for the hour he worked "off the clock."  *Id.,* ¶ 40.  In sum, Spataro alleges that he was underpaid by at least $23,000 over the six years he worked as an auto damage adjuster.  *Id.,* ¶ 46.

---

[2]The fluctuating work week method, codified at 29 C.F.R. § 778.114, allows an employer to pay its employees whose work weeks fluctuate at a rate of half their hourly rate for overtime on the theory that their weekly salary covers any number of hours worked in a particular week.  Memorandum and Order dated September 22, 2016, ECF No. 28.

On November 19, 2013, GEICO moved to dismiss the complaint; however, in December, Spataro filed an Amended Complaint and GEICO agreed to move against the amended pleading. In August, the court granted the defendants' motion to dismiss with leave to replead finding that Spataro had failed to state a claim for overtime under the FLSA and the NYLL.  ECF No. 20. Thereafter, on September 5, 2014, Spataro filed a Second Amended Complaint, which is now the operative pleading.  ECF No. 21.  Once again, GEICO moved to dismiss the complaint for failure to state a claim arguing that the overtime claims should be dismissed because GEICO properly paid Spataro overtime under the fluctuating workweek method.  By Memorandum and Order dated September 22, 2015, the court granted the motion, in part.  ECF No. 28. Specifically, the court found that the Second Amended Complaint had adequately alleged that GEICO improperly applied the fluctuating workweek method.  The court did, however, dismiss the plaintiff's New York gap-time claim.  *Id.*

On September 22, 2014, GEICO filed an answer to the Second Amended Complaint denying all liability.  ECF 30.  In April, counsel for Spataro advised defense counsel that the plaintiff intended to move forward in the case with the collective/class action claims.  However, after the defendants raised significant objections, the plaintiff failed to do so.  Six months later, on October 28, 2016, the parties alerted the Court that they had settled this matter and submitted the instant motion for Court approval of their settlement.  ECF 36.  According to the Second Amended Complaint, if Spataro were to prevail on all of his claims, his damages, not including liquidated damages, would be approximately $23,000.  However, as evidenced by the prior motion practice, GEICO vehemently believes that the fluctuating workweek method was correctly applied to Spataro, that he was paid for all of the hours he worked, and that he was covered by the administrative exemption from overtime.  *Id.*  Accordingly, the parties agreed to a

3

gross settlement of $15,000. If the settlement is approved, $10,298.67 will be paid to the plaintiff and $4,701.33 will be paid to plaintiff's counsel, Locks Law Firm PLLC, for its attorney's fees and costs.

## DISCUSSION

In determining whether to approve the settlement, the Court is guided by the principles set forth in *Kolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016). The Court must begin by assessing whether the agreement is fair and reasonable by examining the bona fides of the dispute. *See Moreno v. Nassau Country Club*, No. 12 CV 5324, 2013 WL 5788730, *1 (E.D.N.Y. Sept. 26, 2013). In determining whether the agreement reflects a reasonable compromise of the plaintiff's claims, the Court should consider the following factors:

> "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."

*Beckert v. Rubinov*, No. 15 CV 1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Kolinsky*, 900 F. Supp. 2d at 335) (internal quotation marks and further citation omitted). The Court should also consider potential negative considerations such as "whether there are other employees of the defendant who are similarly situated, the potential for the plaintiff's circumstances to recur, whether the defendant or others in the same industry have a history of FLSA violations, and whether it would be desirable to make a full evidentiary record of practices by the defendant or in its industry to further public awareness or the development of the law in this area." *Caprile v. Harabel Inc.*, No. 14 CV 6386, 2015 WL 5581568, at *1

(S.D.N.Y. Sept. 16, 2015) (citing *Kolinsky*, 900 F. Supp. 2d at 336). These factors should be considered in light of the totality of the circumstances. *Beckert,* 2015 WL 6503832, at *1.

As a threshold matter, the parties agree that several key issues are in dispute, including whether the fluctuating workweek method was correctly applied to Spataro and other auto damage adjusters. *See Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942). The parties also dispute whether auto damage adjusters are exempt from overtime. *See Robinson-Smith v. GEICO,* 590 F.3d 886 (D.C. Cir. 20100(auto damage adjusters exempt from overtime). Accordingly, the parties' proposed settlement agreement, which provides the plaintiff with slightly less than half of his alleged unpaid wages reflects a reasonable compromise. The settlement also avoids further burdens and expenses for both sides and acknowledges the risks of continued litigation. Finally, based on the parties' submissions, it is apparent that the settlement was the result of an arms-length negotiation.

As for the possible negative considerations, although the plaintiff alleged in the complaint that GEICO applied the same pay method to all of its New York auto damage adjusters, there is nothing in the parties' submissions to suggest that any of the other alleged class members were underpaid. In fact, the plaintiff chose not to pursue its collective/class claims several months before the settlement was reached. In addition, there is nothing in the submission to suggest that there is a consistent pattern of FLSA violations by these defendants. In light of these considerations, the undersigned finds that the settlement agreement "reflects a reasonable compromise over contested issues." *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), *motion to amend or alter judgment denied by*, 2011 WL 6445104. The court, therefore, turns to the reasonableness of the attorneys' fees to be paid by the

5

defendants.

"Under the FLSA, [t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.,* No. 13 CIV. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). Here, the parties urge the Court to approve a payment of $4,701.33, consisting of $1,268.44 in costs and a reduced fee of 25% of the remaining $13,731.56 in net proceeds. However, counsel failed to provide any information concerning its retainer agreement or any contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Nor has counsel provide the court with any information concerning the billing attorneys' credentials and experience.. *See Flores*, 104 F. Supp. 3d at 308 ("[E]ven where a court employs the percentage method, it must 'cross-check' the percentage fee award against the lodestar to ensure reasonability.") (citing *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005)). For these reasons, the Court respectfully recommends that the parties' joint request for judicial approval of their proposed settlement agreement be denied at this time, with leave to renew.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to

Judge Hurley prior to the expiration of the 14-day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       January 17, 2017

                                                                                       _____/s_____
                                                                             ARLENE ROSARIO LINDSAY
                                                                             United States Magistrate Judge