```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER SPATARO, individually and
on behalf of all others similarly
situated,,

                    Plaintiff,           MEMORANDUM & ORDER
                                         13-CV-5020(JS)(ARL)
         -against-

GOVERNMENT EMPLOYERS INSURANCE COMPANY,
GEICO CASUALTY COMPANY, GEICO INDEMNITY
COMPANY, and GEICO GENERAL INSURANCE
COMPANY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Andrew P. Bell, Esq.
                    Locks Law Firm PLLC
                    800 Third Avenue, 11th Floor
                    New York, NY 10022

For Defendants:     Eric Hemmendinger, Esq.
                    Shawe & Rosenthal LLP
                    20 S. Charles St., Suite 1102
                    Baltimore, MD 21201

                    Barry I. Levy, Esq.
                    Greg Mann, Esq.
                    Scott R. Green, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556
```

SEYBERT, District Judge:

        Presently pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated October 28, 2016, (the "R&R," Docket Entry 37), recommending that this Court deny the parties' joint motion for settlement approval with leave

to renew. For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

## BACKGROUND

On September 9, 2013, plaintiff Christopher Spataro ("Plaintiff") commenced this action, asserting claims pursuant to the Fair Labor Standards Act and New York Labor Law. (See generally Compl.) On October 28, 2016, the parties filed a joint motion requesting approval of their settlement agreement. (See Mot., Docket Entry 36.) The parties' settlement agreement provides, in relevant part, that Plaintiff's counsel shall receive a total of $4,701.33 in costs and attorneys' fees. (Settlement Agmt., Docket Entry 36-1, ¶ 1.)

On January 17, 2017, Judge Lindsay issued her R&R. Judge Lindsay found that "the settlement agreement reflects a reasonable compromise over contested issues." (R&R at 5 (internal quotation marks and citation omitted).) However, Judge Lindsay recommended that the parties' motion be denied with leave to renew based on their failure to submit contemporaneous time records, counsel's retainer agreement, or information regarding billing attorneys' credentials and experience. (R&R at 6.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)

(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived. Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Lindsay's R&R (Docket Entry 37) and DENIES the parties' joint motion for settlement approval (Docket Entry 36). However, the parties are GRANTED leave to renew their motion with the appropriate supporting documentation regarding attorneys' fees within sixty (60) days of the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April   11  , 2017
         Central Islip, New York